IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **PEGGY EVANS,** ) | |
| ) | Case No.: |
| ) | |
| ) | Jury Demand |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **MEMPHIS LIGHT GAS AND** ) | |
| **WATER,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Peggy Evans, by and through her attorney, Darrell J. O'Neal, Esquire, claims of Defendant, individually and/or jointly damages in excess of One Hundred Thousand Dollars ($100,000.00) upon causes of action whereof the following is a statement:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff brings this action under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by §1981a (hereinafter, "Title VII"), and ' 1988.  This Court's Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.   This is also an action for declaratory judgment pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations between the parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) inasmuch as

Plaintiffs' causes of action arose in the Western District of Tennessee, and all the Defendants are found in the Western District of Tennessee.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3. This is an employment discrimination case by a University of Tennessee Extension Service employee alleging a continuing series of discriminatory conduct against him because of her race.

4. Plaintiff seeks a declaration that the acts of the defendants agency negligently, intentionally and unlawfully discriminated against her because of her race with appropriate injunctive relief, lost pay, compensatory and punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

5. Plaintiff additionally, and independent of the claims against the Defendant, seeks appropriate relief and compensatory damages against the defendant.

## THE PARTIES

6. Plaintiff Peggy Evans is a Black adult female and a citizen of the State of Tennessee residing in Memphis, Tennessee.

7. Defendant Memphis Light Gas and Water, is a political subdivision and an entity of the local government in Memphis in the State of Tennessee, formed and organized under the laws of the State of Tennessee.  Defendant Memphis Light Gas and Water has a main administrative office located at 220 South Main Street in the City of Memphis, Shelby County, Tennessee.  Defendant Memphis Light Gas and Water is amenable to service of process at the Legal Department, which is also located at 220 South Main Street, Memphis, Tennessee, 38103.

8. At all times relevant hereto, the Defendant acted or failed to act by and through its employees, agents, workmen and Supervisors for and on behalf of Defendants. At all times relevant hereto, the Defendant is an employer.

9. At all times relevant hereto, Defendants acted negligently, intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from discrimination.

10. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment. Defendant is strictly liable for the acts and failures to act of its Supervisory personnel.

11. The acts and failures to act complained of herein, were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct the supervisors concerning age, and employment discrimination, as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their race, thereby causing, encouraging, fostering and fomenting the defendant in this case to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

12. Plaintiff filed charges of race disability discrimination against the Defendant Memphis Light Gas and Water with the District Office of the Equal Employment Opportunity Commission, Charge No. 490-2006-01394. (See Exhibit 1).

13. Plaintiff thereafter received a Notice of Right to Sue within 90 Days from the U. S. Department of Justice dated August 30, 2007, which she received five days later on September 4, 2007. (See Exhibit 2).

## BACKGROUND ALLEGATIONS

14. In or about May 1980, the Plaintiff began working as a Service Advisor for Memphis Light Gas and Water, and she remains an employee of said Defendant at the present time. At all times relevant hereto, the character of the Plaintiff's work and employment has been good.

15. In May of 1980, Plaintiff assumed the duties and responsibilities as Service Advisor.

16. In FY2001 and continuing, the Defendant did not afford the Plaintiff an opportunity to compete for the position of Computer Coordinator/Banner System.

17. According to the Defendant's policy all job and promotional opportunities are required to be posted for competitive opportunities.

18. Defendant failed to post the position of Computer Coordinator/Banner System.

19. Defendant placed a white part time employee in the position of Computer coordinator/banner system.

20. Defendant sent this white part time employee to classes to help her become qualified for the position of Computer Coordinator/Banner system.

21. Defendant promoted the white part time employee to the position Computer Coordinator/Banner System.

22. Plaintiff filed numerous grievances regarding the placement of the white female and the denial of her an opportunity to compete for the position of computer coordinator banner system.

23. On or about January 3, 2006, Defendant placed a white part time employee in the position of Computer Coordinator/Banner system.

## FEDERAL CLAIMS

### COUNT I:
### Violation of 42 U. S. C. §2000e-2(a)(1).

24. The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully and here reiterated in their entirety.

25. The acts and failures to act of Defendant, Memphis Light Gas and Water by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race.

26. Defendant Memphis Light Gas and Water is strictly liable for the acts and failures to act of its supervisory personnel.

27. The acts and failures to act of Defendant, Memphis Light Gas and Water constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Memphis Light Gas and Water in an amount in excess of One Hundred Thousand Dollars ($100,000.00),

and for all attorney's fees as allowed by 42 U. S. C. §1988.

## COUNT II:
## Violation of 42 U. S. C. §2000e-2(a)(2).

28. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

29. The acts and failures to act of Defendant, Memphis Light Gas and Water by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to deprive the Plaintiff of employment opportunities or otherwise affect her status as an employee because of her race.

30. Defendant, Memphis Light Gas and Water is strictly liable for the acts and failures to act of its supervisory personnel.

31. The acts and failures to act of Defendant, Memphis Light Gas and Water constituted unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Memphis Light Gas and Water in an amount in excess of One Hundred Thousand Dollars ($100,000.00), and for all attorney's fees as allowed by 42 U. S. C. §1988.

Respectfully submitted,

s/Darrell J. O'Neal

_____
Darrell J. O'Neal (BPR #20927)
Attorney for the Plaintiff
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009